UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:25-cr-00056-01 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| STEVEN GRIBBLE | : | MAGISTRATE JUDGE LEBLANC |

MEMORANDUM RULING AND ORDER

On February 12, 2026, defendant Steven Gribble entered a guilty plea to the one count indictment in this matter charging him with possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2) and (b)(1). Immediately following entry of his plea, Gribble made an oral motion for release pending sentencing pursuant to 18 U.S.C. § 3143(a)(1), which is the motion currently before the court. The government offered no opposition to the motion. For the reasons set forth below, the motion is **DENIED**, and defendant is to remain detained pending sentencing.

I.
BACKGROUND

A grand jury sitting in the Western District of Louisiana indicted Gribble for possession of contraband in prison—specifically, methamphetamine—in violation of 18 U.S.C. § 1791(a)(2) and (b)(1). Doc. 1. At the time of the alleged conduct, Gribble was an inmate at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"). *Id*. He was at FCIO serving a 14-month sentence following revocation of a term of supervised release.[1] Just a few weeks before the indictment in this matter was handed down, Gribble was released from FCIO. He later was arrested

---

[1] Pretrial Services provided the court with a copy of the Pre-Sentence Investigation Report produced in connection with Gribble's sentencing in the revocation proceeding, as well as an updated Pretrial Services Report in this matter. Facts pertaining to Gribble's criminal history and discussed in this Memorandum Ruling and Order are derived from those reports.

- 1 -

in the Eastern District of Texas and, after making an initial appearance there, was transferred to this court for further proceedings. Doc. 6.

Upon his initial appearance in this court, the Government requested Gribble be detained, and a detention hearing was set. Doc. 12. At the detention hearing, Gribble, with the agreement of the Government, elected to waive his right to the hearing, reserving the right to reopen the issue of his detention should his circumstances change, provided he be allowed to attend inpatient substance abuse treatment at Rayville Recover Center ("RRC") in Rayville, Louisiana, for an initial period of 30 days, and for such additional period of time up to a maximum of 60 days or as otherwise permitted by the court. Doc. 18. The court accepted the parties' agreement; detained Gribble; and permitted Gribble to be temporarily detained at RRC. *Id*. The court, however, made clear that "during the time defendant is participating in the substance abuse treatment program, [ ] he will remain subject to the supervision of the U.S. Marshals Service." *Id*. Finally, the court ordered that upon completion of the program, Gribble must be returned to the custody of the U.S. Marshals Service where his detention would continue in a facility designated by the U.S. Marshal Service. *Id*. To be clear, the order was one of detention, not pre-trial release, and Gribble being permitted to receive inpatient substance abuse treatment at RRC was simply an accommodation by the court, allowing him to be temporarily detained at RRC rather than a correctional facility for the period of that treatment.

Gribble completed the program at RRC and was returned to U.S. Marshals Service custody on February 3, 2026. Doc. 26, att. 1, p. 2. Prior to his return to custody, Gribble advised the court of his intention to plead guilty in this matter, and on January 30, 2026, the matter was referred to the undersigned to conduct a felony guilty plea proceeding. Doc. 24. The change of plea hearing was set for February 12, 2026. Doc. 25. On February 9, 2026, just three days prior to the change

of plea hearing, Gribble filed an *Unopposed Expedited Motion to Amend or Revoke Order of Detention and/or Motion to Reopen Detention Hearing* (the "Amend/Reopen Motion"), seeking to amend or revoke the previous order of detention pursuant to 18 U.S.C. § 3145(b), or, in the alternative, to reopen the issue of his pre-trial detention pursuant to 18 U.S.C. § 3142(f). Doc. 26. Specifically, Gribble sought to be released to a sober living environment to continue his substance abuse recovery efforts in accordance with recommendations by RRC. Doc. 26, att. 1. The Amend/Reopen Motion also suggested various conditions to be imposed on Gribble in connection with his release. *Id*. The court elected to consider the Amend/Reopen Motion in conjunction with Gribble's change of plea.

On February 12, 2026, Gribble appeared and entered a plea of guilty to the one-count indictment in this matter. Doc. 28. With respect to the Amend/Reopen Motion, the undersigned reasoned that, following entry of a guilty plea, 18 U.S.C. § 3143 governs the issue of detention, such that 18 U.S.C. § 3142(f)'s opportunity to reopen pretrial detention no longer applies and the motion was mooted on this point.[2] Additionally, the undersigned rejected Gribble's effort under

---

[2] *See United States v. Morris*, 452 F. Supp. 3d 484, 488 (N.D. Tex. 2020)("The Court agrees with the reasoning in *Thomason* and likewise finds that § 3142(f)(2) does not provide authority to reopen the issue of detention after a defendant has pleaded guilty."); *United States v. Elliott*, No. 4:23-CR-79-SDJ-KPJ, 2023 WL 8587260, at *3, n. 2 (E.D. Tex. Dec. 8, 2023)("Given that Defendant is bound by his guilty plea [entered before a Magistrate Judge], he has been 'found guilty' sufficient to satisfy 18 U.S.C. § 3143(a)(2)."); *United States v. Moffitt*, 527 F. Supp. 2d 474, 478 (W.D.N.C. 2006) ("Accordingly, Defendant's guilty plea before Magistrate Judge Horn in this case is binding such that Defendant has been 'found guilty' pursuant to 18 U.S.C. § 3143(a)(2)."); *United States v. Wills*, No. 19-40013-03-DDC, 2020 WL 1873622, at *4 (D. Kan. Apr. 15, 2020) ("Mr. Wills has not presented any case law adopting his interpretation of § 3143 or any case law in which a court found that § 3142(i) more appropriately applies to motions for release brought by post-plea defendants awaiting final disposition of their cases. Rather, Mr. Wills has pleaded guilty, and no party has suggested any reason why the district judge would not accept the plea agreement. Until such time that the district judge rejects the plea agreement and/or allows Mr. Wills to withdraw his guilty plea, he stands convicted and awaits sentencing. Therefore, § 3142(i) does not apply."); *United States v. Baliles*, No. 1:22-cr-00068, 2025 U.S. Dist. LEXIS 65827, *3-4 (E.D. Tenn. March 13, 2025) (rejecting argument that 18 U.S.C. § 3143(a)(2) does not apply to mandate detention until District Judge accepts Magistrate Judge's report and recommendation on a guilty plea and citing multiple cases in support thereof, including *United States v. McGrann*, 927 F. Supp. 2d 279, 285 (E.D. Va. 2013)).

18 U.S.C. § 3145(b) seeking to amend or revoke the previous order of detention, as such an effort must be addressed to the district judge in the first instance.[3]

Following the court's denial of the Amend/Reopen Motion, Gribble orally moved for release pursuant to 18 U.S.C. § 3143(a)(1). Gribble advised his arguments would be the same as offered in the Memorandum in Support of the Amend/Reopen Motion [doc. 26, att. 1], including the facts and exhibits therein, and so sought to offer those in support of his new motion for release in lieu of a hearing. Gribble also referred the court to a recent decision in a neighboring division of the Western District of Louisiana where an order of release was entered on facts Gribble contends are analogous to his situation.[4] The Government did not oppose the motion for release, did not object to Gribble's submissions, and did not offer any evidence in response, leaving the determination of Gribble's release to the court. The court received Gribble's submissions, ordered the United States Probation Office to prepare a new pre-trial services report,[5] and took the oral motion for release pending sentencing under advisement.

---

[3] *See, e.g., United States v. Jacob*, No. CR 21-31, 2023 WL 2867324, at *4 (E.D. La. Apr. 10, 2023) (footnotes omitted):

> … [A] § 3145(b) motion must be filed with "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). This phrase is interpreted to mean that the motion must be filed before a district judge, not a magistrate judge: "The hierarchy suggested by § 3145(a) is consistent with the ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges that district court judges possess."
>
> A district judge may refer a § 3145(b) motion to a magistrate judge for recommendation, but a magistrate judge is otherwise without authority to address a § 3145(b) motion. Thus, to the extent Defendant seeks relief under § 3145(b), that motion must be filed with the district judge in the first instance, and absent a referral, must be resolved by the district judge. Accordingly, the requested relief from the undersigned [Magistrate Judge] is not available pursuant to § 3145(b) and must be denied.

[4] The matter referred to by Gribble is *United States v. Keith Theriot*, No. 6:25-cr-00225-11, Western District of Louisiana, Lafayette Division, which will be referred to herein as the "Theriot Case".

[5] Gribble previously declined to interview with Pretrial Services unless and until he had counsel present, and so the court wants an updated report that includes his input.

## II.
## LAW AND ANAYLSIS

The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Fed. R. Crim. P. 46(c). That provision mandates "a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence" shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).[6] "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). "Thus, there is a presumption against release pending sentencing." *United States v. Lopez*, 504 F. App'x. 297, 298 (5th Cir. 2012) (citing *United States v. Olis,* 450 F.3d 583, 585 (5th Cir. 2006)); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) (citing 18 U.S.C. § 3143 for the proposition that a "presumption in favor of detention [ ] attaches to a convicted defendant").

Gribble's submissions in this matter focus on his successful completion of 47 days of inpatient substance abuse therapy at RRC and highlight the many positive observations of his counselors regarding his progress. *See generally* docs. 21, 23 & 26. He offers that, while RRC is not a secure facility, he "voluntarily remained" throughout his treatment and returned to U.S. Marshals Service custody upon completing his treatment. He also suggests several conditions of his release to a sober living facility, including the administrator of that facility serving as a third-party custodian, to bolster his position for release. The court commends Gribble on his rehabilitation efforts.

---

[6] Because the crime to which Gribble has pleaded guilty is not enumerated in 18 U.S.C. § 3142(f)(1)(A)-(C), § 3143(a)(2) is not applicable. Further, no one has suggested that the sentencing guidelines applicable to Gribble's current offense do not suggest a term of imprisonment to otherwise avert detention under § 3143(a)(1).

Notwithstanding these laudable efforts, the court must balance those against other relevant information. "In determining whether to grant a convicted defendant's motion for release pending sentencing, a Court should consider the factors governing pretrial release enumerated in 18 U.S.C. § 3142(g)." *United States v. Shannon*, No. 5:22-CR-5-DCB-FKB, 2023 WL 4491740, at *1 (S.D. Miss. July 12, 2023) (citing *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996) (in turn citing *United States v. Vance*, 851 F.2d 166, 169–70 (6th Cir. 1988))). Section 3142(g) requires this court consider: (1) "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance"; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

As an initial matter, the supplemental Pretrial Services Report dated February 12, 2026, is appended to the prior Pretrial Services Report prepared by the Eastern District of Texas in this matter, which included a Presentence Investigation Report from Gribble's last conviction, all of which are accepted by the court. Pretrial services recommends against release.

Together, these reports make clear that Gribble has no significant connections to the Western District of Louisiana; to the contrary, all his ties are to the state of Texas. He lived most of his life in Texas; his mother, siblings and children all live in Texas; and upon his last release from prison until the time of his arrest for the current charge he was residing with his girlfriend in Texas. His reported job history shows all employment in Texas.

In addition, Gribble's criminal history includes multiple convictions for evading arrest or detention, an arrest for fleeing a police officer, and numerous instances of revocation of probation, parole and supervised release. Indeed, in many instances, Gribble committed new crimes while on release from incarceration for others. He also has an extensive history of substance abuse going

all the way back to his adolescence, and he has been convicted of a multitude of drug crimes, including possession of a firearm in furtherance thereof. Between his most recent release from incarceration and his arrest on the current offense, Gribble was unemployed and reported using methamphetamine occasionally. He has previously completed substance abuse therapy, only to subsequently commit additional drug offenses. He has a history of failing to report to his probation officer and of failing to follow the instructions of his probation officers. While serving sentences in the custody of the Bureau of Prisons he has been disciplined several times for use and possession of drugs while incarcerated. It cannot be overlooked that the present offense involved drug possession, and more specifically, possession of drugs inside a prison while serving a sentence for having had a term of supervised release revoked because of drug use. Having pleaded guilty to the current offense, Gribble may be sentenced to as much as 20 years of imprisonment. Finally, Gribble has a warrant for his arrest outstanding in Orange County, Texas.

Gribble's burden in this matter is to establish by clear and convincing evidence that, if released upon conditions or a combination of conditions, he is not likely to flee or pose a danger to the safety of any other person or the community. In this regard,

> Clear and convincing evidence is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable toe fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."

*United States v. Clayton*, No. 3:21-CR-19-DPJ-FKB, 2021 WL 3074179, at *3 (S.D. Miss. July 20, 2021) (quoting *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004), in turn quoting *In re Medrano,* 956 F.2d 101, 102 (5th Cir.1992) and *Cruzan v. Director, Mo. Dept. of Health,* 497 U.S. 261, 285 n. 11 (1990)) (additional internal quotation marks omitted).

The reports of Gribble's efforts and progress at RRC highlight that he made significant progress in his substance abuse treatment, and so it may be inferred Gribble is less likely to commit further controlled substance related crimes. However, his 47-day stint at RRC, while under a detention order and under the supervision of the U. S. Marshals Service, is simply not enough to overcome his extensive history of criminal drug offenses, including those perpetrated while incarcerated or otherwise under court supervision. While Gribble has proposed conditions of his release, those conditions will not prevent his recidivism but only potentially detect it, at which time the danger will have already been manifested.

In addition, the length of the possible sentence associated with the current conviction alone raises a serious flight concern with the court. This concern is even more heightened when considered in conjunction with Gribble's history of evasion and noncompliance, total lack of ties to the Western District of Louisiana, and extensive ties to Texas. He has an outstanding warrant in Orange County, Texas. Again, he offers conditions—e.g., third-party custodian, location monitoring, etc.—to secure his appearance and to prevent him from fleeing. While these conditions in certain circumstances may be sufficient to reasonably assure the defendant's appearance, in this case Gribble's past conduct speaks to an overarching willingness to refute and subvert authority that undermines this court's confidence in his compliance.

When considering the totality of the circumstances in this matter in the context of the § 3142(g) factors, the court cannot find clear and convincing evidence that Gribble is not likely to flee or pose a danger to the safety of any other person or the community if released. Accordingly, the court concludes that Gribble has not met his burden to overcome the presumption of detention pending sentencing in this matter.

The court has reviewed the docket in the Theriot Case raised by Gribble as being analogous. Although the court sees some parallels between that matter and Gribble's situation, detention determinations are specific to each defendant, and the court has no information concerning the defendant in the Theriot Case.  Also, the Government's lack of opposition to Gribble's release request does not sway the court as it remains Gribble's burden to overcome the presumption of detention by clear and convincing evidence.  As noted, the presumption in favor of detention has not been rebutted, and so Gribble's motion must be denied.

### III.
### CONCLUSION

For reasons provided above,

**IT IS ORDERED** that the defendant's oral motion for release pending sentencing be and is hereby **DENIED**.  Defendant is to remain in the custody of the U.S. Marshals Service pending sentencing.

**THUS DONE AND SIGNED** in chambers this 19th day of February, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**